UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS -AUSTIN

```
-----------------------------------------------------------------
Yidiandian Shenzhen wenhuachuanmeiyouxiangongsi:
a/k/a Cool Essential,                                    :
                                                         :
                      Plaintiff,                         :        Civil Action No.: 1:26-1445
                                                         :
         -against-                                       :
                                                         :
John Nashed Hanna and Reaction Labs LLC a/k/a            :
Lup,                                                     :
                                                         :
                      Defendants.                        :
-----------------------------------------------------------------
```

<u>VERIFIED COMPLAINT</u>

Plaintiff Yidiandian Shenzhen wenhuachuanmeiyouxiangongsi a/k/a Cool-Essential, (hereinafter "Cool-Essential," or "Plaintiff"), by and through its undersigned attorney, hereby submit this Complaint against Defendants John Nashed Hanna, Reaction Labs LLC a/k/a Lup ("Hanna," and "Lup" respectively or "Defendants" collectively) and alleges as follows:

## I.    THE PARTIES

1.    Cool-Essential is based in Bao'anqu, Xixiangjiedao, Yuyeshequ, Mingyoucaigouzhongxin B zuo 3 qu 201, Shenzhenshi, Guangdong 518100, P.R. China and operates an online internet store on Amazon under ID No. AQ892Q9QNAQYU.  Cool-Essential sells magnetic data cables to consumers in the U.S. and the Cool-Essential magnetic data cables were made according to the invention of U.S. Patent No. 11,756,703 ("the '703 Patent" Exhibit A) entitled "Magnetic Data Cable," issued to Wenyong Yue on September 12, 2023, from U.S. Patent Application No. 18/302,164 ("the '164 Application"), filed on April 18, 2023.  The '703

1

Patent has been under reexamination at the Patent Office and all its claims have been rejected over Chinese Patent Application Publication No. 113674921A ("the 'CN921 Patent" Exhibit B).

2.      Hanna has a business address at 5606 Shoalwood Ave., Austin, TX 78756 and is the inventor of U.S. Patent No. 11,972,881 ("the '881 Patent" Exhibit C) entitled "Magnetized Cable for Improved Cable Management," issued on April 30, 2024, from U.S. Patent Application No. 18/339,272 ("the '272 Application") filed on June 22, 2023, which claims the priority of U.S. Provisional Application No. 63/482,006 ("the '006 Application" Exhibit D) filed on January 27, 2023.

3.      The '881 Patent has been under reexamination at the Patent Office with all claims rejected over substantially the same prior art references, including the 'CN921 Patent, as those cited in the reexamination of the '703 Patent.

4.      The '881 Patent has also been the subject to pending litigation in this Court under Docket No. 25-cv-1125 and the Court has vacated the preliminary injunction against Yue and Cool Essential on January 20, 2026 [Dkt. No. 179] because all claims of the '881 Patent has been rejected by the Patent Office as being invalid over prior art references such as the 'CN921 Patent.

5.      Hanna is also the inventor of U.S. Patent No. 12,586,696 ("the '696 Patent" Exhibit E) filed on November 10, 2024 as a continuation in part of the PCT counterpart of the '881 Patent. The '696 Patent includes the disclosure of the '881 Patent ("Original Disclosure") and additional disclosure ("New Disclosure") as of its November 10, 2024 filing date. The Original Disclosure of the '696 Patent is entitled to the same priority as that of the '881 Patent and supports claims which are currently subject to Patent Office rejections over prior arts such as the 'CN921 Patent. The New Disclosure is only entitled to the November 10, 2024 filing date

and is predated by the April 18, 2023 priority date of the '703 Patent. As a matter of law, the claims supported by the New Disclosure in the '696 Patent cannot be interpreted to cover any magnetic data cable made from the disclosure of the '703 Patent.

6.      Upon information and belief, Lup is a business located at 5606 Shoalwood Ave., Austin, TX 78756 and the assignee of the '696 Patent.

7.      As a result, the Plaintiff's magnetic date cables do not/cannot infringe any valid claims of the '696 Patent as a matter of law.

8.      On or about May 14, 2026, Defendants filed a complaint to Amazon (Exhibit F) to lockdown Plaintiff's online stores and to stop Plaintiff's from selling their magnetic data cables with fraudulent allegations of infringing the '696 Patent. The following ASINs are involved in the Amazon complaint

| | |
|---|---|
| Store Name | Cool-Essential |
| Amazon Infringement Complaint Number | 20290118961 |
| ASINs Involved | B0CKZJ7ZY7<br>B0CQXF6JX6<br>B0DG2HKPZJ<br>B0CM5R17V4<br>B0GX1HQY97<br>B0DG2QB933<br>B0CPP9SY9T<br>B0DG2KL2WY<br>B0DCVNMH96<br>B0CM5R13WB |
| Date of Amazon Complaint | On or about May 14, 2026 |
| Filing Party Alias | Lup and/or Hanna |
| Alleged IP Infringed | U.S. Patent No. 12,586,696 |

| Email for Filing Amazon Infringement Complaint | john@reactionlabs.com |
|---|---|

9. Defendants' enforcement of the '696 Patent, which is either invalid or not infringed by the Plaintiff, caused substantial damages and affected Plaintiff's sales of magnetic data cables to consumers in the U.S.

## II.    JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over this action pursuant to the provisions of 35 U.S.C. § 1, et seq., and 28 U.S.C. § 1331

11. The Court has supplemental jurisdiction over State Claims pursuant to the provisions of 28 U.S.C. §1367.

12. This Court has personal jurisdiction over both Defendants as being residents of Texas.

13. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## III.    INTRODUCTION

14. The Plaintiff's data cables do not/cannot infringe any valid claims of the '696 Patent as a matter of law because the '696 Patent was filed on November 10, 2024 as a continuation in part of the PCT counterpart of the '881 Patent and the '696 Patent's Original Disclosure") only supports claims which are currently subject to Patent Office rejections over prior arts such as the 'CN921 Patent and the New Disclosure is only entitled to the November 10, 2024 filing date and is predated by the April 18, 2023 priority date of the '703 Patent and cannot be interpreted to cover any magnetic data cable made from the disclosure of the '703 Patent.

15. Defendants asserted the '696 Patent against Plaintiff without any legal or factual basis and such assertion is frivolous and amounts to vexatious litigation.

## COUNT I.    DECLARATORY JUDGMENT THAT THE '696 PATENT IS INVALID

16.    Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the foregoing paragraphs.

17.    As the Original Disclosure of the '696 Patent is the same as that of the '881 Patent, any ground for invalidating the claims of the '881 Patent shall also invalidate those of the '696 Patent which are supported by the Original Disclosure.

WHEREFORE, Plaintiff demands a declaratory judgment that (i) the magnetic data cables from the Plaintiff does not infringe any valid claims of the '696 Patent as supported by the Original Disclosure; and (ii) Hanna and Lup are enjoined from harassing the Plaintiff with allegation of infringement of the '696 Patent, together with the costs, including attorney's fees, for this action, and any other remedies which the Court deems necessary and just.

## COUNT II.    DECLARATORY JUDGMENT THAT THE '696 PATENT IS INVALID AND/OR NOT INFRINGED BY THE PLAINTIFF

18.    Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the foregoing paragraphs.

19.    "A person shall be entitled to a patent unless— the claimed invention was described in a patent issued under section 151, or in an application for patent published or deemed published under section 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention." 25 U.S.C. §102(a)(2).

20.    The  Claims supported by the New Disclosure in the '696 Patent are invalid over the '703 Patent which predates their November 10, 2024 filing date. Under the *canon of construing-for-validity as in MedCo v. Mylan* (Fed. Cir. April 17, 2017), these claims cannot be

interpreted to cover Plaintiff's magnetic data cables, as Hanna and Lup intended to do with their Amazon complaint, in order to preserve their validity.

WHEREFORE, Plaintiff demands a declaratory judgment that (i) the '696 Patent claims supported by the New Disclosure are invalid as being anticipated by the '703 Patent under 35 U.S.C. §102(a)(2) and/or §103(a) and/or not infringed by the Plaintiff's magnetic data cable as a matter of law; (ii) Defendants are enjoined from harassing Plaintiff with allegation of infringement of the '696 Patent; and (iii) Defendants pay Plaintiff's damages for their wrongful interference with Plaintiff's accounts and e-commerce store links, together with the costs, including attorney's fees, for this action, and any other remedies which the Court deems necessary and just.

## COUNT III.   TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

21.     Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the foregoing paragraphs.

22.     Hanna and Lup knew that Plaintiff has been doing business on Amazon.com through its e-commerce store under the standard agreement between Amazon and its e-commerce stores.

23.     Hanna and Lup is not a party to the Plaintiff-Amazon agreement(s).

24.     Hanna and Lup knew or should have known that Plaintiff's magnetic data cables do not/cannot infringe any valid claims of the '696 Patent as a matter of law.

25.     Hanna and Lup fraudulently filed a complaint to Amazon to interfere with Plaintiff's continued business relationship with Amazon by filing a fraudulent infringement complaint.

26.     Hanna and Lup had no right or justification to interfere with Plaintiff's sale of their magnetic data cables on Amazon.

27.     Hanna and Lup tortiously interfered with Plaintiff's prospective business relationship with Amazon through its wrongful and malicious conduct, causing substantial damages to Plaintiff.

WHEREFORE, Plaintiff demands:

Money damages against Hanna and Lup, jointly and severally, for tortiously interfere with Plaintiff's prospective business relationships with Amazon, including lost goodwill with Amazon, the costs for this action; Punitive and exemplary damages; and any other relief the Court deems just and equitable.

By:   */s/*     Kendal M. Sheets

Dated: May 29, 2026

Kendal M. Sheets, Esq.
Email: ksheets@dnlzito.com
Tel. (703) 489-8937
Joseph J. Zito, Esq.
Email: jzito@dnlzito.com
Tel. (202) 466-3500
DNL Zito
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036

Attorneys for Plaintiff

**VERIFICATION**

I hereby declare and state that:

1. I am authorized to make this verification on behalf of the Plaintiff.

2. I have read the foregoing verified complaint, and based on my personal knowledge and the factual allegations contained in the foregoing complaint are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: May 28, 2026

_____
Name:
Title:  Manager of Yidiandian Shenzhen wenhuachuanmeiyouxiangongsi a/k/a Cool Essential

## VERIFICATION

I hereby declare and state that:

1.    I am authorized to make this verification on behalf of the Plaintiff.

2.    I have read the foregoing verified complaint, and based on my personal knowledge and the factual allegations contained in the foregoing complaint are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: May 28, 2026

_Yi Huijuan_

Name: Yi Huijuan
Title:  Manager of Yidiandian Shenzhen
wenhuachuanmeiyouxiangongsi
a/k/a Cool Essential

8